# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| ALICE COBBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-010 |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court in this slip and fall case is a motion *in limine* (Docket # 13) filed by

Defendant Wal-Mart Stores East, L.P. ("Wal-Mart"), seeking to preclude Plaintiff Alice

Cobble's treating physician from testifying about causation, future medical care and prognosis,

or permanency of injury or disability, unless he or she produces an expert report in compliance

with Federal Rule of Civil Procedure 26(a)(2)(B). For the following reasons, Wal-Mart's motion

will be DENIED.[1]

### A. Factual and Procedural Background

Cobble asserts that on January 2, 2008, she fell outside the Wal-Mart store in Logansport,

Indiana, due to the accumulation of snow and ice at an entrance. (Compl. ¶¶ 9, 10.) She filed

suit in the Cass Circuit Court on December 18, 2009, alleging that Wal-Mart was negligent in

failing to maintain its premises in a safe condition. (Compl. ¶ 11.) Wal-Mart then timely

removed the case to this Court by reason of diversity of citizenship. (Docket # 2.)

---

[1] Although captioned by Wal-Mart as a "Motion in Limine", the matter could also be considered as a request by Cobble to be relieved of the written report requirement of Rule 26(a)(2)(B).

The parties submitted a Report of Parties' Planning Meeting on February 16, 2010, identifying their differences of opinion with respect to Rule 26(a)(2)'s requirements and the anticipated testimony of Cobble's treating physician. (Docket # 11.)  The Court conducted a scheduling conference on February 24, 2010, and directed Wal-Mart to file a motion *in limine* on the disputed issue. (Docket # 12.)  Wal-Mart filed the instant motion on March 3, 2010, and it is now fully briefed. (Docket # 13, 17, 21, 22.)

### B.  Nature of an Order in Limine

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002); *see Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999) ("A motion *in limine* is a request for guidance by the court regarding an evidentiary question.") (citation omitted).  A court's ruling on a motion *in limine*, however, is only preliminary in nature. *Wilson*, 182 F.3d at 570.

That is, a ruling *in limine* is "'subject to change when the case unfolds,' particularly if the actual testimony differs from what was proffered." *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1055 (N.D. Ill. 2009) (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)); *see Wilson*, 182 F.3d at 570 (emphasizing that an order either granting or denying a motion *in limine* is "merely speculative in effect, completely dependent upon what happens at trial").  "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Mason*, 631 F. Supp. 2d at 1055 (quoting *Luce*, 469 U.S. at 41-42).  Judges have broad discretion when ruling on motions *in limine*. *Jenkins v.*

*Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

## C.  Discussion

Here, Cobble plans to disclose her treating physician as an expert witness, and Wal-Mart agrees that the physician may testify about his or her treatment of Cobble. (*See* Report of Parties' Planning Meeting ¶ 3(H).)  Therefore, the sole disputed issue is whether the treating physician must provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B) in order to testify about causation, future medical care and prognosis, or permanency of injury or disability.

The Seventh Circuit Court of Appeals has not definitively spoken on the issue.  However, in *Musser v. Gentiva Health Services*, 356 F.3d 751, 758 n.3 (7th Cir. 2004), the Seventh Circuit did state that "[i]t is clear that there is *some* expert testimony in the nature of the treating physician's testimony that does not require a report." (emphasis added).  Also, just recently it commented in a nonprecedential opinion that it has "never held that treating physicians must file expert reports", observing that Rule 26(a)(2)(B) requires a written report only if the witness is "retained or specially employed to provide expert testimony in the case . . . ." *Blameuser v. Hasenfang*, 345 Fed. Appx. 184, 186-87 (7th Cir. 2009) (unpublished) (quoting Fed. R. Civ. P. 26(a)(2)(B)).

The Seventh Circuit, however, also recognized in *Musser* that "[s]ome district courts have suggested that if the Rule 26(a)(2)(A) testimony exceeds the scope of treatment and ventures into more general expert opinion testimony, a report may be necessary." 356 F.3d at 758 n.3.  And indeed, district courts in the Seventh Circuit have not adopted a uniform approach with respect to treating physicians and the expert report requirements of Rule 26(a)(2)(B). While district courts seemingly agree that a treating physician may testify about his or her scope

of treatment, observation, and diagnosis without producing an expert report, *see, e.g.*, *Griffith v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 233 F.R.D. 513, 516 (N.D. Ill. 2006); *Osterhouse v. Grover*, No. 3:04-cv-93-MJR, 2006 WL 1388841, at *3 (S.D. Ill. May 17, 2006), some courts have allowed treating physicians to *also* testify about causation, prognosis, and degree of injury in the future without producing an expert report, while other courts have not. *Compare Osterhouse*, 2006 WL 1388841, at *3 (allowing a treating physician to testify as to causation and degree of injury in the future without producing an expert report); *Martin v. CSX Transp.*, 215 F.R.D. 554, 556 (S.D. Ind. 2003) (same); *McCloughan v. City of Springfield*, 208 F.R.D. 236, 241-42 (C.D. Ill. 2002) (same) (collecting cases), *with Bell v. Columbia St. Mary's Hosp. Milwaukee, Inc.*, No. 07-CV-81, 2008 WL 163671, at *3 (E.D. Wis. Jan. 16, 2008) (requiring an expert report where a treating physician's testimony goes beyond the scope of treatment, observation, and diagnosis, and includes opinions on causation, prognosis, or future impact); *Griffith*, 233 F.R.D. at 518 (same).

It appears that those courts that have allowed treating physicians to testify about causation, prognosis, and extent of disability without an expert report, most commonly have done so where the physician's testimony is "based on [his or her] treatment of a party." WILLIAM W. SCHWARZER, ET AL., PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 11.381 (collecting cases); *see, e.g.*, *Osterhouse*, 2006 WL 1388841, at *3 (allowing treating physician's testimony about causation and future ramifications of injury without an expert report, where the testimony was based on medical records, testing, and examinations performed during the plaintiff's treatment, and there was no indication that plaintiff solicited the physician's services in anticipation of litigation); *see generally* JOHN KIMPFLEN, ET AL., FEDERAL PROCEDURE,

LAWYERS EDITION § 26.50.  Indeed, "[i]t is not unheard of for a doctor, during the course of treatment, to elicit information and form an opinion about the processes of an injury . . . and inform a patient of the future ramifications of an injury . . . ." *Osterhouse*, 2006 WL 1388841, at *3 ("The doctors' testimony regarding causation and/or prognoses . . . do not elevate these doctors to specially employed."); *see also Fielden v. CSX Transp., Inc*., 482 F.3d 866, 869-70 (6th Cir. 2007) ("[D]octors may need to determine the cause of an injury in order to treat it. Determining causation may therefore be an integral part of 'treating' a patient".).

On the other hand, many courts requiring an expert report have done so where the treating physician appears "specially retained to render a medical opinion and his or her proposed testimony extends beyond facts made known to him or her during the course of care and treatment of the patient." SCHWARZER, *supra*, § 11.381 (collecting cases); *see, e.g., Logan v. Ill. Cent. R.R. Co.*, No. 3:06-cv-902-DRH, 2006 WL 3841593, at *4 (S.D. Ill. Dec. 14, 2006) (requiring an expert report where physician based his testimony not only on medical records, testing, and examinations that were conducted during plaintiff's treatment, but also on texts, reference books, market surveys, and government publications); *see generally Blameuser*, 345 Fed. Appx. at 187 ("An interesting question is what to do with a treating physician who proposes to testify in the manner of a hired expert, i.e., offering an opinion regarding what might have happened to the patient that does not rely on that physician's personal treatment of the patient."); KIMPFLEN, *supra* § 26.50.  That is, if the plaintiff did not seek treatment from the physician until after the litigation arose, the physician's opinion may have been formed "in anticipation of litigation" and an expert report would likely be required. *Logan*, 2006 WL 3841593, at *5.

This Court finds it prudent to adhere to the line drawn by these district courts.  If

Cobble's treating physician bases his or her testimony upon facts learned during his or her care and treatment of Cobble and the opinion was not sought in anticipation of litigation, he or she may testify about causation, future medical care and prognosis, or permanency of injury or disability without producing an expert report under Rule 26(a)(2)(B). However, if the treating physician's testimony about causation, future medical care and prognosis, or permanency of injury or disability extends beyond facts made known to him or her during the course of care and treatment of Cobble, and the opinion was seemingly retained in anticipation of litigation, then an expert report is required.

Here, Cobble has not provided the Court with any factual details about her relationship with the treating physician and his or her anticipated testimony, and therefore at this juncture we are unable to apply these general principles more specifically to her treating physician. *See generally Fielden*, 482 F.3d at 871 ("The determinative issue is the scope of the proposed testimony."). Consequently, Cobble will bear the risk of possible exclusion of a portion of her treating physician's testimony at trial if she chooses not to timely issue an expert report and the Court ultimately concludes that one is required.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's motion *in limine* (Docket # 13) is DENIED. With respect to her treating physician's anticipated testimony about causation, future medical care, or permanency of injury or disability, the Plaintiff is relieved from submitting a written report from the treating physician under Rule 26(a)(2)(B) to the extent the physician bases his or her testimony upon facts learned during his or her care and treatment of Cobble and the opinion

was not sought in anticipation of litigation.

SO ORDERED.

Enter for the 19th of March, 2010.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge